IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WENDY WILLIAMS, #292583, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-153-WHA |
| | ) |
| STATE OF ALA. BD. OF PARDONS | ) |
| AND PAROLES, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Wendy Williams ("Williams"), a state inmate, filed this 42 U.S.C. § 1983 action on March 8, 2016. In this complaint, Williams challenges a recent decision issued by the parole board denying her release on parole. Williams did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. Doc. 3. In support of this request, Williams provided financial information necessary to determine the average monthly balance in her inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to her inmate account during the past six months.

After a thorough review of the financial information provided by Williams and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Williams owed an initial partial filing fee of $36.38. Doc. 6 at 1–2. The court therefore ordered that Williams pay the initial partial filing fee on or before April 4, 2016. Doc. 6 at 2. In addition, this order specifically informed Williams "**that it is her responsibility to**

**submit the appropriate paperwork to the prison account clerk for transmission of her funds to this court for payment of the initial partial filing fee**." Doc. 6 at 2 (emphasis in original). The order also "advised [Williams] that if she is unable to procure the initial partial filing fee within the time allowed by this court she must inform the court of such inability and request an extension of time within which to file the fee." Doc. 6 at 3. Moreover, the court specifically cautioned Williams that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that her case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 6 at 3.

The court has granted Williams several extensions—up to and including July 29, 2016—to submit payment of the initial partial filing fee. Doc. 24. Even so, Williams has failed to pay the initial partial filing fee within the generous time allowed by the court. Her continued failure to do so despite a direct order indicates an abandonment of this action. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further ORDERED that on or before **September 7, 2016** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 17th day of August, 2016.

                                 /s/     Gray M. Borden
                           UNITED STATES MAGISTRATE JUDGE